[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff David A. Rosow has moved for summary judgment. He claims there is no genuine issue as to any material fact with respect to three of his five claims and requests the court to enter judgment in his favor. The defendants oppose the motion for summary judgment on the basis there are genuine issues of fact. For the reasons stated below, the motion is denied. CT Page 12214
The plaintiff has sued Miller Motorcars, Inc., Richard S. Koppelman, and Cynthia M. Koppelman. Mr. Koppelman is the president and an employee of Miller Motorcars. Ms Koppelman is an employee. The plaintiff alleges causes of action for breach of contract, unjust enrichment, fraud, negligent misrepresentation, and a violation of the Connecticut Unfair Trade Practice Act, General Statutes § 42-110 et seq. These claims arise out of the plaintiff's effort to purchase a luxury automobile. He alleges that on October 17, 1990, he gave the defendants a $25,000.00 deposit for the purchase of an Aston Martin Virage Volante. On November 17, 1990, the plaintiff signed an order form for the car. The plaintiff further alleges that the defendants made representations that the car would arrive within one year from the date of the order. After a year had lapsed, the defendants told the plaintiff that the car was on the production line and would be available "sometime mid-year". On August 1, 1992, the plaintiff requested a refund of his deposit. He was told by the defendants that a refund could not be made because the car was being produced. On May 5, 1993, the car arrived at the defendants' dealership. On May 11, 1993, the plaintiff again requested the return of his deposit. On May 25, 1993, the defendants sold the car to another person.
The plaintiff first contends that had the right to cancel the order pursuant to the terms of the order form which he signed on November 17, 1990.[1] The order form allowed the purchaser to cancel the order if the seller could not deliver the car within ninety days from the date specified for delivery. The contract did not set a specific date for delivery. The defendant argues that General Statutes § 42a-2-309 required delivery to be made within a reasonable time. He contends that a reasonable delivery date would have been far less than the thirty months the plaintiff waited for the car. The defendants, on the other hand, argue that the court may conclude from the parties' previous dealings that the plaintiff understood the uncertain nature of a delivery date when ordering a custom automobile. The intent of the parties with respect to the time the car was to be delivered raises a question of fact. "[I]ssues of motive, intent and good faith are not properly resolved on a motion for summary judgment." Wadia Enterprises,Inc. v. Hirschfeld, 224 Conn. 240, 250, 618 A.2d 506 (1992). "Our Supreme Court has repeatedly held that what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact. (internal quotation marks omitted)." Eastern Bus Lines, Inc. v. Board ofEducation, 7 Conn. App. 581, 584, 509 A.2d 1071 (1986). A genuine CT Page 12215 issue of material fact exists as to whether the defendants breached the contract.
In the second count, the plaintiff sets forth a claim for unjust enrichment. He claims that the defendants were unjustly enriched by their failing to return the deposit. The contract provides that the deposit shall be forfeited under certain circumstances. The existence of this provision is sufficient to create a question of fact as to whether the retention of the deposit unjustly enriched the defendants.
In the third count, the plaintiff claims that the defendants violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110 et seq. There are two prongs to this claim. First, the plaintiff claims that a CUTPA violation exists because the defendants violated General Statutes § 14-62, which addresses the responsibilities of a motor vehicle dealer. This section provides that "[e]ach sale shall be evidenced by an order properly signed by both buyer and seller, a copy of which shall be furnished to the buyer when executed. . . ." The defendants dispute the allegation they violated § 14-62. They claim they gave the plaintiff a fully executed copy of the order. This dispute involves a genuine issue of material fact which must be resolved by the trier of fact.
As an alternative ground to support the CUTPA claim, the plaintiff claims that the defendants' breach of the sales contract alone constitutes a CUTPA violation. "A simple breach of contract, even if intentional, does not amount to a violation of the Act; a claimant must show substantial aggravating circumstances attending the breach to recover under the Act." [internal quotation marks omitted.] Emlee Equipment Leasing Corp. v. Waterbury Transmission,Inc., 41 Conn. Sup. 575, 580, 595 A.2d 951 (1991, Blue, J.). A genuine issue of material fact exists with respect to the CUTPA claim.
Because genuine issues of fact remain as to the three counts upon which the plaintiff seeks summary judgment, summary judgment is not appropriate. Accordingly, the motion for summary judgment is denied.
THIM, JUDGE